# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Association for Government Accountability, Senator Mark Koran, Senator Calvin Bahr, James Roschen, Debra Roschen, Megan Nelson, Andrew Nelson, Dawn Appel, Daniel Appel, Cindy Kohn, David Kohn, Tammi Johnson, Larry Johnson, Meghan Hewitt, A.H., by her next friend and parent Meghan Hewitt, Sarah Johnson, A.J., by his next friend and parent Sarah Johnson, | Court of Appeals Case No. 24-1410 <br><br> Dist. Ct. Case No. 0:23−cv−03159 |
| Plaintiffs-Appellants, | |
| vs. | **Appellants' Motion for Expedition** |
| Steve Simon, individually, and Steve Simon in his official capacity as Minnesota Secretary of State, or his successor, David Maeda, individually, and David Maeda, in his official capacity as Director of Elections for State of Minnesota, or his successor, | |
| Defendants-Appellees. | |

1

The Plaintiffs-Appellants respectfully ask this Court to consider on an expedited basis its appeal from the district court judgment filed on February 20, 2024 (Doc. No. 42) based upon the district court's Memorandum and Order filed on February 20, 2024 (Doc. No. 41), granting the Defendants' motion of to dismiss (Nov. 15, 2023 (Doc. No. 9)) and denying Plaintiffs' motion for preliminary injunction (Nov. 28, 2023 (Doc. No. 11)). The district court held that the Secretary of State Steve Simon and Deputy Secretary of State David Maeda were not officially or personally liable for claims under the Driver Privacy Protection Act (DPPA), 18 U.S.C. § 2724, for sharing private driver data with the Electronic Research Information Center (ERIC). Meanwhile, the Plaintiffs allege that the Secretary of State and Deputy Secretary of State continue to violate the DPPA by sharing Plaintiffs' private data with ERIC.

The Plaintiffs-Appellants filed a notice of appeal on February 23, 2024 and now asks that the Court expedite proceedings and establish the briefing schedule with oral argument to follow on an expedited basis as determined by the Court:

    Plaintiffs-Appellants' Opening Brief:    March 8, 2024
    Defendants-Appellees' Response Brief: April 1, 2024
    Plaintiffs-Appellants' Reply Brief:       April 5, 2024

We have consulted on Friday, February 23, 2024, with defense counsel who opposes the motion.

2

1.  **The matter of whether the DPPA applies to the ERIC contract is of nationwide importance.**

    Expedition is warranted. It will help minimize the extent to which uncertainty adds to the authority the Secretary may have to affect or unduly influence the up-coming general election process through his communications with prospective unregistered voters and those deemed unregistered voters under Minnesota law (inactive voters who must register), using private data in violation of federal law.

    The appeal also presents an issue of nationwide importance because of Minnesota's on-going insistence of sharing private data with others through ERIC. A dispute has arisen among the states about the propriety of ERIC. Since January 2022, nine states--Louisiana, Alabama, Florida, Missouri, West Virginia, Iowa, Ohio, Texas and Virginia—have withdrawn from ERIC membership in part because of concerns about DPPA violations. See https://www.npr.org/2023/10/20/1207142433/eric-investigation-follow-up-voter-data-election-integrity. Nonetheless, 25 states, including Minnesota, persist in sharing private driver data with ERIC without a federal court decision interpreting the DPPA as applied to the ERIC contract. This Court should address this matter on an expedited basis to resolve whether the ERIC agreements with Minnesota—and the other 24 states—violate the DPPA.

**2.  DPPA recognizes irreparable harm from DPPA violations and provides for preliminary and equitable relief.**

Congress has defined the legally unauthorized disclosure of private driver data to private, non-governmental parties as an injury creating liability for "preliminary and equitable relief." 18 U.S.C. § 2724 provides in relevant part:

> (a) CAUSE OF ACTION.—
> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
> (b) REMEDIES.—The court may award… (4) such other preliminary and equitable relief as the court determines to be appropriate.

The injury defined by Congress is obtaining, disclosing or using private driver data for "a purpose not permitted by this chapter." Since the ERIC contract requires the defendants to continue to disclose the plaintiffs' private driver data to ERIC for an unpermitted use, injury to plaintiffs, as defined by Congress, continues to occur.

This Congressionally-defined injury is "irreparable" because it is not fully compensable by monetary damages.  No damages payment under the DPPA, however great, can remedy the defendants' continuing legally unauthorized disclosures of plaintiffs' private driver data to ERIC and others.  Further, to remedy this irreparable injury, Congress expressly provided to this Court a remedy of "preliminary…equitable relief" under 18 U.S.C. § 2724(b)(4) to stop ongoing irreparable injuries caused by continuing DPPA violations.

3. **The district court held that Simon and Maeda were immune from prospective declaratory and injunctive relief.**

The district court in its order dated February 20, 2020, held that the "Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" Dist. Ct. Op. at 8, citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury,* 323 U.S. 459, 464 (1945)). This decision applied to plaintiffs' claims against Simon and Maeda for prospective declaratory and injunctive relief. The Court opined, "The State is the real party in interest here, because '[i]t is the state's policies, and not defendants' implementation of them, that are at the heart of plaintiffs' complaint. Thus, plaintiffs' claims under the [DPPA] are substantially against the State . . . and [are] barred by the doctrine of sovereign immunity.'" Dist. Ct. Op. at 8-9, citing *Kraege v. Busalacchi*, 687 F. Supp. 2d 834, 836 (W.D. Wis. 2009).

In response, on appeal, the Plaintiffs argue that the Supremacy Clause plays a role. It is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that "interfere with, or are contrary to" federal law. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 712–713 (1985). And, the Defendants can not hide behind an invalid, preempted state law to avoid DPPA liability.

5

### 4. The DPPA does authorize claims against state agency employees as "persons," albeit not state agencies.

In this case, the DPPA authorizes plaintiffs' claims (1) against the individual state agency employees, personally, and (2) against the state agency employees in their official capacity for *Ex parte Young* claims. 18 U.S.C. § 2724 (a,b). *See Orduno v. Pietrzak*, 932 F.3d 710, 717 (8th Cir. 2019) (city's police chief is a "person" liable under DPPA for violations). Importantly, the DPPA, unlike 42 U.S.C. § 1983 which lacks a definition of "person," provides that a "person" who can be sued under the DPPA is defined as an "individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2). The defendants, in this lawsuit, are sued personally and, individually, in their official capacity under the § 2725(2) definition of "person"; in either case, the plaintiffs are not suing the "State or agency thereof."

### 5. Simon and Maeda are officially liable to prospective declaratory and injunctive relief for their ongoing DPPA violations.

Congress "specifically excluded states and state agencies" under § 2725(2), but *Congress* did not specifically exclude "state officials." *Id.* And, "[w]here Congress knows how to say something but chooses not to, its silence is controlling." *Ela v. Destefano,* 869 F.3d 1198, 1202 (11th Cir. 2017) (citation omitted).

To be sure, as to monetary damages, the Eleventh Amendment "protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood,* 889 F.3d 483, 485 (8th Cir. 2018).

6

But, under the exception to Eleventh Amendment immunity established in *Ex parte Young*, 209 U.S. 123 (1908), "a private party may sue state officials in their official capacities for prospective injunctive relief." *McDaniel v. Precythe,* 897 F.3d 946, 951–52 (8th Cir. 2018).

The *Ex parte Young* exception to Eleventh Amendment immunity for prospective injunctive relief is limited because it applies only if the state officials being sued have "some connection to the enforcement of the challenged laws." *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017). Such a connection exists "[s]o long as a state official is giving effect to a state statute in a manner that allegedly injures a plaintiff and violates his constitutional rights," *McDaniel*, 897 F.3d at 952, which is an inquiry similar to the standing one. *See Duit Constr. Co. v. Bennett*, 796 F.3d 938, 940 (8th Cir. 2015); *Johnson v. Griffin*, 69 F.4th 506, 510 (8th Cir. 2023). In this case, Simon and Maeda are connected to the ongoing disclosure of the private driver data to ERIC.

### 6. Simon and Maeda are at least individually liable to prospective declaratory and injunctive relief for their ongoing DPPA violations.

To be sure, as government officials sued in their individual capacity, Simon and Maeda, are entitled to the defense of qualified immunity against monetary damages. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 955 (8th Cir. 2015) (only analyzing damages claim because government self-corrected DPPA-violating conduct). But, even then, the qualified immunity defense does not extend to claims for prospective injunctive

7

relief against Simon and Maeda for continuing to violate federal law. *Id.; Harlow v. Fitzgerald*, 457 U.S. 800, 819, n. 33 (1982); *Anderson v. Creighton*, 483 U.S. 635, 647–48 (1987).

The plaintiffs' claims are about Simon's and Maeda's implementation of policies to disclose plaintiffs' private driver data to ERIC in violation of the DPPA—which, in turn, invalidates Minn. Stat. § 201.13, subd. 3(d). That statutory provision actually identifies *how* the implementation of state policies to "maintain voter registration records" works: "If…the secretary of state *enters an agreement to share information or data* with an organization governed exclusively by a group of states…." (Emphasis added). While, the Legislature didn't know the contract terms between the Secretary of State and ERIC, it still managed to violate federal law by allowing the disclosure of private data. Minn. Stat. § 201.13, subd. 3(d). It is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that "interfere with, or are contrary to" federal law. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 712–713 (1985).

## Conclusion

The court should grant the motion because of the nationwide importance and to avoid further irreparable injury.

8

Dated: February 28, 2024          /s/Erick G. Kaardal
                                  Erick G. Kaardal, 229647
                                  Mohrman, Kaardal & Erickson, P.A.
                                  150 South Fifth Street, Suite 3100
                                  Minneapolis Minnesota 55402
                                  Telephone: (612) 341-1074
                                  Email: kaardal@mklaw.com
                                  *Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that the Motion submitted herein contains 1,596 words and complies with the type/volume limitations of the Federal Rules of Appellate Procedure. This Motion was prepared using a proportionally spaced typeface of 14-point. The word count is stated in reliance on Microsoft Word 2016, the word processing system used to prepare this Brief.

                                   /s/Erick G. Kaardal
                                    Erick G. Kaardal